UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAIM SARWAR,

                              Plaintiff,

             -against-

SWAMI LLC,

                              Defendant.

21-CV-9016 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On January 3, 2022, Saim Sarwar ("Plaintiff") applied for a Certificate of Default from the Clerk of Court.  (*See* Dkt. No. 11.)  The Clerk of Court subsequently issued a Certificate of Default.  (*See* Dkt. No. 12.)  In order for the Court to schedule a default hearing and issue a default judgment, Plaintiff must file a number of other papers in addition to the Certificate of Default, including (1) a statement of damages; (2) an attorney's affidavit setting forth (i) why a default judgment is appropriate, including a description of the method and date of service of the original summons and Complaint, (ii) whether, if the default is applicable to fewer than all Defendants, the Court may appropriately order a default judgment on the issue of liability and/or damages prior to the resolution of the entire Action, (iii) the proposed damages and the basis for each element of damages including interest, attorney's fees, and costs, and (iv) legal authority for why an inquest would be unnecessary; (3) copies of all pleadings; and (4) a copy of the affidavit of service of the original summons and Complaint.  (*See* The Honorable Kenneth M. Karas's Individual Rules of Practice for Default Judgment Proceedings, dated August 14, 2019.)

Plaintiff and Counsel commit several serious errors on the Statement of Damages ("Statement"), (Dkt. No. 16).

First, Counsel's timesheet, (Dkt. No. 16-3), attached as an exhibit to the Statement, is suspect.  Counsel states specifically that it took him 1.6 hours simply to "[r]esearch [the] name and address of [the] corporate owner of [the] subject hotel."  (*Id*.)  Plaintiff's counsel also claims that it took him 2.5 hours to draft and file the summons and complaint.  (*Id*.)

Counsel is an experienced litigator in the ADA field.  Indeed, he has brought many nearly identical lawsuits across the country, alleging that a similarly allegedly infirmed individual is considering traveling to a certain location, having identified a mom-and-pop-type place of accommodation or lodging—namely one without large corporate coffers to ensure websites are ADA compliant or to fight back against litigation—but unable to do so as a result of the accommodations, including its website.  *See generally, e.g.*, *Laufer v. Aark Hosp. Holding, LLC*, No. 20-CV-5648, 2021 WL 6062269 (D.N.J. Dec. 22, 2021); *Laufer v. Krishna, LLC*, No. 20-CV-194, 2021 WL 5304191 (M.D. Ga. Nov. 15, 2021); *Shumway v. Laxmijkrupa LLC*, No. 21-CV-939, 2021 WL 4593324 (E.D. Wis. Oct. 6, 2021); *Laufer v. Ananya Properties LLC*, No. 20-CV-295, 2021 WL 4823480 (N.D. Ga. Sept. 7, 2021); *Laufer v. Buena Motel Corp*, No. 12-CV-6438, 2021 WL 2802214 (D.N.J. July 6, 2021).  As both the Court of Appeals for the Fifth Circuit and the District Court for the District of Columbia noted in response to one of Counsel's efforts, "[t]his action is one of 'hundreds of identical lawsuits in federal district courts around the country.'"  *Laufer v. Alamac Inc.*, No. 20-CV-02206, 2021 WL 1966574, at *2 (D.D.C. May 17, 2021) (quoting *Laufer v. Mann Hosp., LLC*, —— F.3d ——, No. 20-50858, 2021 WL 1657460, at *1 (5th Cir. Apr. 28, 2021) (filed by one of Counsel's law partners)), *aff'd*, No. 21-7056, 2021 WL 4765435 (D.C. Cir. Sept. 10, 2021); *see also Laufer v. Naranda Hotels, LLC*, No. 20-CV-1974, 2020 WL 7384726, at *8 (D. Md. Dec. 16, 2020) (observing in response to one of

counsel's suits, "[i]n total, Plaintiff has filed at least 557 suits in sixteen different states, plus the District of Columbia.").

Counsel even brings these cases with this particular Plaintiff, an allegedly disabled individual and a self-proclaimed "advocate of the rights of similarly disabled persons and . . . a 'tester' for the purpose of asserting his civil rights and monitoring . . . whether places of public accommodation and their websites are in compliance with the ADA," *Sarwar v. L.S.K., Inc.*, No. 20-CV15683, 2021 WL 4317161, at *1 (D.N.J. Sept. 23, 2021). *See generally*, *e.g.*, *id*; *Sarwar v. Gopinathjee LLC*, No. 12-CV-15724, 2021 WL 3163971 (D.N.J. July 27, 2021); *Sarwar v. Bipin-Seth Inc.*, No. 20-CV-12744, 2021 WL 2850455 (D.N.J. July 8, 2021); *Sarwar v. S. Tier Hotel, LLC*, No. 20-CV-1549, 2021 WL 2873735 (N.D.N.Y. July 8, 2021); *Sarwar v. Lake Placid Hotel Partners, LLC*, No. 20-CV-1387, 2021 WL 2778574 (N.D.N.Y. July 2, 2021). To wit, one district court within the Second Circuit noted very recently: "The court takes judicial notice of the fact that since 2020, Plaintiff has filed nine cases with nearly identical allegations in this District and over 200 similar cases in federal courts across the country." *Sarwar v. Andal LLC*, No. 20-CV-00219, 2022 WL 538257, at *2 (D. Vt. Feb. 23, 2022) (also filed with Counsel).

In sum, neither Plaintiff nor Counsel is a neophyte in this realm. Plaintiff and Counsel instead appear to have a specific, regimented modus operandi: identify small places of accommodation and expeditiously seek default judgments. Given Plaintiff's and Counsel's extensive practice—both together and separately—pursuing such claims, the Court struggles to see how it would take Counsel approximately 96 minutes to secure such rudimentary information. The same is true with respect to the amount of time necessary to draft a complaint, particularly where so many of Plaintiff's complaints are near carbon-copies of one another. (*Compare generally* Compl., *with, e.g.*, Complaint (Dkt. No. 1), *Sarwar v. Oakes Oramel Inn*

*LLC*, No. 21-CV-59 (W.D.N.Y. Jan. 14, 2021) (filed by Counsel), *and* Complaint (Dkt. No. 1),

*Sarwar v. Renuka Hospitality LLC.*, No. 21-CV-272 (D.N.J. Jan. 7, 2021) (same), *and* Complaint

(Dkt. No. 1), *Sarwar v. Karan LLC*, No. 20-CV-222 (S.D. Ga. Sept 15, 2020) (same), *and*

Complaint (Dkt. No. 1), *Sarwar v. Chatuge Resort Inc.*, No. 20-CV-215 (N.D. Ga. Sept 15, 2020)

(filed by Counsel and his law partner), *and* Complaint (Dkt. No. 1), *Sarwar v. Maruti Investors*

*of America, Inc.*, No 20-CV-216 (N.D. Ga. Sept 15, 2020) (same).)

Second, Plaintiff's Statement of Damages omits any reference to the monetary damages it

sought in its Complaint.  Specifically, Plaintiff's Complaint seeks "damages pursuant to the

[New York State Human Rights Law (NYSHRL)]."  (Compl. 1.)  Count II of the Complaint is in

fact titled "Damages Pursuant to NYSHRL."  (*Id.* at 9.)  Finally, the Complaint ends with

Plaintiff's request for "[a]n award of damages in the amount of $1,000.00 or in such amounts as

the Court deems just and proper."  (*Id.* at 11.)  That Plaintiff omits this in his request for damages

in the default judgment, seeking only a modification of Defendant's website, is curious, to say

the least.

The Statute providing for attorney's fees permits it only for "the prevailing party."  42

U.S.C. § 12205.  In the ADA context, "[a] party prevails 'when actual relief on the merits of his

[or her] claim materially alters the legal relationship between the parties by modifying the

defendant's behavior in a way that directly benefits the plaintiff.'"  *Lazarus v. County of Sullivan*,

269 F. Supp. 2d 419, 421 (S.D.N.Y. 2003) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12

(1992)).  Obtaining injunctive relief may, alone, entitle Plaintiff to attorney's fees, *see, e.g.*,

*Karraker v. Rent-A-Ctr., Inc.*, 492 F.3d 896, 899–900 (7th Cir. 2007) (reversing the district court

and holding that employees who received only injunctive relief absent even nominal damages

were prevailing parties and could thus be entitled to attorney's fees), and Plaintiff here also seeks

injunctive relief, (*see generally* Compl.).  Nonetheless, the Court cannot discount Plaintiff counsel's failure to seek damages on behalf of his client when Plaintiff's complaint explicitly and repeatedly requests for monetary damages as relief for Defendant's alleged violations.

Third, Plaintiff failed to explain the re-inspection fee listed on the Statement.  (*See* Statement.)  Plaintiff submitted three invoices as exhibits to the Statement: one showing the service of process, (Dkt. No. 16-1); one denoting the initial investigation price, (Dkt. No. 16-2); and one noting counsel's legal billing records, (Dkt. No. 16-3).  While the initial investigation price is billed at $650, (*see* Dkt. No. 16-2), Plaintiff fails to explain the purpose behind a re-investigation as well as substantiate its cost—particularly when a second investigation need not recreate certain deliverables of the first, including but not limited to the report, and when a second investigation would presumably have proceeded at a faster pace.  To wit, in one of Plaintiff's Counsel's other identical matters, the district court declined to award him costs for a seemingly parallel "'anticipated follow-up investigation' fee."  *Laufer v. Krishna, LLC*, No. 20-CV-194, 2021 WL 5304191, at *2 (M.D. Ga. Nov. 15, 2021).

Accordingly, it is hereby:

ORDERED that in a filing in the next 30 days, Counsel shall explain:

- The differences in the Complaint and Summons filed in this case as compared to complaints and summons in other cases that required 2.5 hours of time to produce;

- The process by which Counsel obtained the corporate name and address of Defendant, which required 1.6 hours of time;

- The absence of any statutory damages whatsoever demanded on behalf of Plaintiff himself, notwithstanding the multiple references to Plaintiff's entitlement to monetary damages under both federal and state law in Plaintiff's Complaint; and,

- The nature and purpose behind the re-investigation, including its necessity as well as why such a re-investigation would cost as much money as the initial investigation, which necessitated work that need not have been replicated.

The Clerk of the Court is directed to mail a copy of this order to Defendant, Swami, LLC, at the address listed in the Return of Service, (Dkt. No. 6), 139 Route 32, Central Valley, NY 10917.

SO ORDERED.

Dated:     March 4, 2022
           White Plains, New York

_____
     KENNETH M. KARAS
     United States District Court

6